## MARY BROWN *vs.* THE EASTERN RAILROAD COMPANY.

A notice that a railroad corporation would not " be liable for the baggage of passengers beyond a certain amount, unless, &c." printed on the back of the passage ticket, and detached from what ordinarily contains all that is material to the passenger to know, does not raise a legal presumption that the party at the time of receiving the ticket and before the train leaves the station, had knowledge of the limitations or conditions which the carrier had attached to the transportation of the baggage of passengers; but it is a question for the jury, whether the plaintiff knew of the notice before commencing the journey.

ASSUMPSIT against the defendants, as common carriers of passengers, for loss of baggage. The delivery of two trunks containing baggage, and the nondelivery of one of them at the place of destination, and a demand therefor, and its value, were fully proved. The contents of the lost trunk consisted of the wearing apparel of the plaintiff.

There was also evidence introduced, tending to show that at the time of the arrival of the plaintiff at the defendants' depot in Boston, she delivered the two trunks to the baggage-master of the defendants, marked " Mary Brown, Freeport, Maine," and asked for checks. He said he was out of checks, and he marked the trunks " Freeport." The plaintiff inquired at the ticket office of the defendants in Boston for a ticket to Freeport, Maine, and was told that no tickets were sold to Freeport, but that she could buy a ticket for Brunswick, (a place beyond Freeport,) and get out at Freeport, and that one dollar would be refunded to her; that on being answered as above, she paid three dollars, and received a ticket which had printed on its face the following words : " Not transferable. This ticket entitles to a passage in the first morning train of this day only, via the Eastern, the Portland, Saco and Portsmouth, the Atlantic and St. Lawrence, the Kennebec and Portland Railroads to Brunswick or Bath. At Bath, steamboats connect with Richmond, Gardiner, Hallowell, and Augusta. Fare paid to Bath. One dollar will be refunded to the holder of this ticket by the conductor on the Kennebec and Portland Railroad." And on its back the following words : " Notice—Passengers are not

allowed to take, nor will these companies be responsible for baggage, if it exceed fifty dollars in value, unless freight on any addition thereto be paid in advance; and this notice forms part of all contracts for transportation of passengers and their effects."

On the Portland and Kennebec railroad, the plaintiff asked the conductor for the one dollar, who answered that the ticket-master would refund it to her, which he did. At that time there was a break in the line of railroads of about one mile in Portland, and it was the practice of the defendants to transport over that break the baggage of passengers for Brunswick, but not those for Freeport, and at this break the plaintiff did not look after her baggage, and there was no evidence that it was conveyed across the break at all. There was no evidence that the plaintiff had any notice or knowledge of this practice. There was also evidence that in the cars between Boston and Portland, the plaintiff called the attention of a companion to the words on the back of the ticket. When the plaintiff got out at Freeport, the baggage-master put out one trunk, and the depot-master told him there was another; the baggage-master (the cars being then in motion) said he would bring it back on his return. It was admitted that there was no actual or constructive notice to the plaintiff of the limitation of the liability of the defendants, except the said printed notice on the ticket.

The counsel for the defendants contended that the words on the face and back of the ticket formed or were part of the contract between the parties, and that by that contract the defendants were not bound to transport the trunks over said break in Portland, and that the loss happened there, and that they were not responsible for the baggage, it being worth more than fifty dollars; or at any rate not for more than fifty dollars.

In the court of common pleas, the judge ruled that taking the ticket raised no legal presumption that the plaintiff read the printed matter; that it was a question of fact whether she knew the contents before she started on her journey; and that if she did not read it until she was on her way, her rights were

not affected by it; and that if the contract was for a passage to Freeport or to Brunswick, with permission to get out at Freeport, the railroad was bound to transport the baggage across said break, unless notice was given that they should not do so. The verdict being for the plaintiff, the defendants excepted.

*G. Minot,* for the defendants.

*I. W. Richardson,* for the plaintiff.

DEWEY, J. We have not found it necessary in the decision of this case, to enter upon the consideration of the vexed question of the right of common carriers to limit their common law liabilities, by notices to the public to the effect that they will not be responsible for the baggage of passengers, or for merchandise transported by them as public carriers. It has been seriously questioned by some judicial tribunals, whether such notices could be made available at all, inasmuch as they were supposed to be in contravention of public policy, having a tendency indirectly to encourage negligence, if not actually to favor frauds and embezzlement by the servants of the carrier. *Hollister* v. *Nowlen,* 19 Wend. 234; *Cole* v. *Goodwin,* Ib. 251; 2 Greenl. Ev. § 215. The doctrine is nevertheless gradually being incorporated into the jurisprudence of the times, that such limitations may under proper qualifications and safeguards, for securing due notice to the traveller, or the party for whom goods are to be transported, be held operative and binding upon the parties. It is so in England; also in some of the states of this Union by direct adjudications. *Bingham* v. *Rogers,* 6 Watts & Serg. 495; *Laing* v. *Colder,* 8 Barr, 484; *Swindler* v. *Hilliard,* 2 Richardson, 286.

Without questioning the right of common carriers to make reasonable limitations as to the extent of their liabilities for baggage or merchandise to be transported by them, and conceding the decisions to that effect to be sound, we are of opinion, nevertheless, that they furnish no ground for denying the plaintiff's right to maintain this action. The cases that yield this point of the right of the carrier to limit his responsibilities, yet hold that it is necessary for him to show clearly that the person with whom he deals is fully informed of the

terms of such limitations, and the conditions upon which he receives baggage and merchandise for transportation. Such notice is to be specific and certain. This rule was applied in the case of *Camden and Amboy Railroad* v. *Baldauf*, 4 Harris, 67, where a notice in the English language to a German, ignorant of the English language, was held of no effect as a notice of a limitation of the common law liability, the court saying that it was incumbent on the carrier in such case to prove the knowledge by the passenger of the limitation imposed. In *Butler* v. *Heane*, 2 Campb. 415, where the limitation was printed in small type, the bill generally being in large type, the notice was held not to be valid. It was also applied in *Davis* v. *Willan*, 2 Stark. R. 279; in *Kerr* v. *Willan*, Ib. 53; and in *Macklin* v. *Waterhouse*, 5 Bing. 212.

Confining the decision to the precise case, we are of opinion that the instruction to the jury was correct, and that receiving this ticket in the manner stated, raised no legal presumption that the plaintiff had the requisite notice, and that it was a question of fact whether she knew the limitation before she started on her journey.

The limitation and notice thereof were, in the present instance, attempted to be established under these circumstances. The traveller, a female, had delivered her trunks to the baggage master of the defendants, to be carried to Freeport. They were received by him, without any notice of any limitation of liabilities for safe transportation, and marked for their proper destination. Subsequently the owner applied for her passage-ticket to Freeport, and was informed that they did not sell tickets to Freeport, but that she could buy one for Brunswick, a place more remote, with the privilege of stopping at Freeport, and having one dollar refunded; and that thereupon she paid three dollars, and received a ticket to Brunswick. This ticket had on its face the route, and various railroads to be passed over, and the notice that one dollar would be refunded to those stopping at Freeport. There was no notice on the face of the ticket of any conditions or limitations as to transporting the baggage of passengers. The only notice as to that was on the back side of the ticket. No

direct notice was given by the ticket-vendor, nor was any request made to her to read the limitations and conditions stated on the back of the ticket. It was admitted that there was no actual or constructive notice of the limitation of the carrier's liability, unless the same was derived from the ticket received by the plaintiff. This being so, the case was in our opinion properly put to the jury, and their verdict for the plaintiff may well be sustained. A mere passenger ticket in the form in general use would not naturally induce to the minute reading of its contents. The party receiving it might well suppose that it was a mere check, signifying that the party had paid his passage to the place indicated on his ticket. But if it be correct to hold that if this limitation had been stated on the face of the ticket, and in connection with the name of the place to which the party was to be carried, and so might be presumed to have been read, and therefore binding upon the person receiving the ticket; yet nevertheless a statement or notice to this effect, placed on the back of the ticket and detached from what ordinarily contains all that is material to the passenger, would not raise a legal presumption that the party at the time of receiving the ticket, and before the train had left the station, had knowledge of the limitation or conditions which the carrier had attached to the transportation of the baggage of the passengers. The manner adopted by the defendants to give notice of such limitation and conditions, fails to furnish that certain information or knowledge which must be brought home to the passenger to exonerate the carrier from the full common-law liability as to such baggage, and therefore leaves the passenger the right to recur to the carrier for the damages he may sustain in the loss of his baggage, irrespective of the limitation.

I am aware that in reference to ordinary merchandise transported by common carriers, it has been held in some cases in the English courts, that a ticket given to the owner of merchandise, containing on the face of it a condition or limitation of the liability of the carrier, was held to furnish evidence of the special contract of transportation, sufficient to affect the owner of the merchandise, and to limit the liability of the

9 *

carrier. *Austin* v. *Manchester, Sheffield, &c. Railway Co*
10 Common Bench Rep. 454; *Shaw* v. *York and North
Midland Railway Co.* 6 Railway Cases, 87; 13 Ad. & El. N.
R. 347. These cases obviously differ from the present, and
fail to satisfy us of the sufficiency of the notice in the case
before us.

*Exceptions overruled, and judgment for the plaintiff.*